Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ROBERT ORTIZ, JORGE AYALA, and ANA MOLINA a/k/a PATRICIA MOLINA, individually and on behalf of all others similarly situated,

Case No.: 15-cv-3940

**COMPLAINT**

Plaintiffs,

- against -

**JURY TRIAL DEMANDED**

ARTHUR T. MOTT REAL ESTATE, LLC, ATM ONE, LLC, ATM TWO, LLC, ATM THREE, LLC, ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC, 193 WASHINGTON, LLC, 21 LINCOLN BLVD, LLC, 25 PENINSULA, LLC, 260 BELMONT, LLC, 271 WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC, 35 NORTH LLC, 360 WASHINGTON, LLC, 40 GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC, 55 NASSAU PLACE, LLC, 56 BROADWAY, LLC, 56 NORTH LONG BEACH, LLC, 62 TULIP, LLC, 655 NASSAU, LLC, 66-70 TULIP, LLC, 700 MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC, 85 VAN COTT, LLC, 95 JERUSALEM, LLC, and GLEN ARMS GROUP, LLC,

Defendants.
-----------------------------------------------------------------------------X

Plaintiffs, ROBERT ORTIZ ("Ortiz"), JORGE AYALA ("Ayala"), and ANA MOLINA a/k/a PATRICIA MOLINA ("Molina"), individually and on behalf of all others similar situated, through their attorney, Steven J. Moser, P.C., bring this action against Defendants, ARTHUR T. MOTT REAL ESTATE, LLC, ATM ONE, LLC, ATM TWO, LLC, ATM THREE, LLC, ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC, 193 WASHINGTON, LLC, 21 LINCOLN BLVD, LLC, 25 PENINSULA, LLC, 260 BELMONT, LLC, 271 WASHINGTON, LLC, 30

NORTH LONG BEACH, LLC, 35 NORTH LLC, 360 WASHINGTON, LLC, 40 GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC, 55 NASSAU PLACE, LLC, 56 BROADWAY, LLC, 56 NORTH LONG BEACH, LLC, 62 TULIP, LLC, 655 NASSAU, LLC, 66-70 TULIP, LLC, 700 MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC, 85 VAN COTT, LLC, 95 JERUSALEM, LLC, and GLEN ARMS GROUP, LLC, ATM (collectively referenced hereinafter as "Defendants") and alleges as follows:

## NATURE OF CLAIM

1. This action is brought to recover unpaid overtime and minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, and various violations of the New York Labor Law § 190, *et seq.* ("NYLL"), including minimum wage, wage statement, and wage notice violations.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

*Plaintiffs*

4. Plaintiff Ortiz was Defendants' employee within the meaning of the FLSA, and the NYLL.

5. Plaintiff Ortiz is a natural person who resides in Nassau County, New York.

6. Plaintiff Ayala was Defendants' employee within the meaning of the FLSA, and the NYLL.

7. Plaintiff Ayala is a natural person who resides in Nassau County, New York.

8. Plaintiff Molina was Defendants' employee within the meaning of the FLSA, and the NYLL.

9. Plaintiff Molina is a natural person who resides in Nassau County, New York.

*The ATM Enterprise*

10. Defendant, Arthur T. Mott Real Estate, LLC ("ATM"), is a New York Limited Liability Company formed under the laws of the State of New York.

11. Defendant ATM maintains a process address at 249 West Merrick Road in Freeport, New York.

12. Defendant ATM maintains a principal place of business at 249 West Merrick Road in Freeport, New York.

13. Defendant ATM operates and manages 31 residential apartment complexes located Nassau and Queens Counties.

14. The residential apartment complexes managed by ATM, are formally owned by the Defendants ATM One, ATM Two, ATM Three, ATM Four, 1100 Ward, 155 Pine, 193 Washington, 21 Lincoln, 25 Peninsula, 260 Belmont, 271 Washington, 30 North Long Beach, 25 North, 360 Washington, 40 Graffin, 43 Burr, 45 Broadway Freeport, 48 South, 555 Front, 55 Nassau Place, 56 Broadway, 56 North Long Beach, 62 Tulip, 655 Nassau, 66-70 Tulip, 700 Merrick, 76 South, 77 Terrace, 85 Van Cott, 95 Jerusalem, and Glen Arms Group.[1]

---

[1] All of these entities are Limited Liability Companies. For simplicity the suffix "LLC" has been omitted from these Defendant's names.

15.     Defendants ATM, ATM One, ATM Two, ATM Three, ATM Four, 1100 Ward, 155 Pine, 193 Washington, 21 Lincoln, 25 Peninsula, 260 Belmont, 271 Washington, 30 North Long Beach, 25 North, 360 Washington, 40 Graffin, 43 Burr, 45 Broadway Freeport, 48 South, 555 Front, 55 Nassau Place, 56 Broadway, 56 North Long Beach, 62 Tulip, 655 Nassau, 66-70 Tulip, 700 Merrick, 76 South, 77 Terrace, 85 Van Cott, 95 Jerusalem, and Glen Arms Group[2] constitute single employer ("ATM Enterprise").

16.     The corporate entities forming the ATM Enterprise:

   (a) are interrelated in their operations;

   (b) share centralized control of labor relations;

   (c) are under common management;

   (d) are commonly owned and financially controlled;

   (e) share personnel;

   (f) share electronic links for website apartment listings; and

   (g) share offices.

17.     The entities comprising the ATM Enterprise are otherwise affiliated and are so intertwined that they constitute a single employer.

18.     The ATM Enterprise is an employer within the meaning of the FLSA.

19.     The ATM Enterprise is an employer within the meaning of the NYLL.

20.     The ATM Enterprise has been engaged in commerce for the three year period prior to the filing of this complaint and up to the present time.

21.     The ATM Enterprise has had an annual dollar volume of sales or business done of at least $500,000 for the each of the calendar years 2012, 2013, 2014 and 2015.

---

[2] All of these entities are Limited Liability Companies. For simplicity the suffix "LLC" has been omitted from these Defendant's names.

## COLLECTIVE ACTION ALLEGATIONS

22. The overtime claims in this complaint arising out of the FLSA (the Third Claim) are brought by the Plaintiffs on behalf of themselves and similarly situated persons who were current and former non-exempt employees of the Defendants, who have been employed any time during the three year prior to the filing of this complaint and who elect to opt-in to this action (the "FLSA Collective").

23. Upon information and belief, the FLSA collective consists of over 30 similarly situated current and former employees of the ATM Enterprise who have been victims of Defendants' common policy and practice that have violated their rights under the FLSA by, inter alia, willfully denying overtime wages.

24. As part of its regular business practice, the Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b)

## FACTUAL ALLEGATIONS

*All Plaintiffs*

26. Plaintiffs were each hired as a Building Superintendent by ATM between the years of 2002 and 2007.

*Jorge Ayala*

27.     Plaintiff Ayala was employed by ATM from September of 2007 until August of 2012.

28.     Plaintiff Ayala was employed as a Superintendent for the 69-unit apartment complex located at 30 North Long Breach Avenue, in Freeport, New York.

29.     Plaintiff Ayala's responsibilities included the regular up-keeping and maintenance of the residential apartment building.

30.     As part of his compensation, Plaintiff Ayala received on-site housing. However, the Defendants still required him to pay a security deposit of $1,225.00.

31.     At all relevant times, Plaintiff Ayala was paid a weekly salary of $400. He was on-call 24 hours a day. He was scheduled to work from roughly 6:30AM to 6PM, 7 days a week. He worked approximately between 80 hours to 87 hours per week.

32.     On certain occasions Plaintiff Ayala had to "cover" for another Superintendent when the other superintendent was out sick. During these weeks, he worked up to 108 hours per week.

33.     In 2011, Plaintiff Ayala was informed by an ATM Manager named "Jose" that he would need to vacate his current apartment and move into another one. At this point, Plaintiff Ayala was required to pay an additional $1,450 security deposit, because his first deposit was deemed "non-transferrable" by ATM.

34.     Upon information and belief, Plaintiff Ayala was not able to take vacation. If he wanted time off, he was required to pay, at his expense, for a substitute employee, who would take over his work during his absence.

35. In August 2012 Plaintiff Ayala received a letter from ATM, explaining that his "work was no longer needed." Ayala was given 15 days to vacate his apartment. There was no mention of his security deposit.

36. Upon information and belief, Defendant ATM did not record the hours worked by Ayala.

37. ATM did not pay Plaintiff Ayala "time-and-a-half" for hours worked in excess of 40 hours per week.

38. The Defendants never provided Plaintiff Ayala with a wage notice.

39. The Defendants never provided Plaintiff Ayala with a wage statement.

***Roberto Ortiz***

40. Plaintiff Ortiz was employed by ATM from 1995 to 2000 as a handyman; and from 2000 until August of 2012, he was employed as a Superintendent.

41. As a Superintendent, Plaintiff Ortiz was responsible for basic maintenance of a residential apartment complex located at 35 Long Beach Avenue, Freeport, New York.

42. His duties included, *inter alia,* removing garbage , unclogging toilets, fixing leaking sinks, removing snow, cutting the grass, and performing small repairs for the 42-units in the building.

43. As part of his compensation, Plaintiff Ortiz received on-site housing.

44. At all relevant times, Plaintiff Ortiz was paid a weekly salary of $500.

45. On weekdays Plaintiff Ortiz was scheduled to work from 8AM to 5PM performing maintenance services on various ATM buildings. These properties included: 56 Long Beach Avenue, 56 Broadway, 45 Broadway, 40 Garfield, 48 South Long Breach Avenue, 155 Pine Street, 76 South Bergen Place, 95 Jerusalem in Hempstead, 21 Lincoln Street in Hempstead, 55 Front Street in Hempstead, and 665 Nassau Road.

46. Plaintiff Ortiz performed his Superintendent duties at the 35 Long Breach Avenue location from 5PM to 12AM during weekdays and from 8AM to 4PM on weekends.

47. Mr. Ortiz was required to be on-call 24 hours a day, 7 days per week, in case of any emergency.

48. Plaintiff Ortiz worked approximately 96 hours per week.

49. Upon information and belief ATM failed to record the hours worked by Plaintiff Ortiz.

50. At all relevant times, Plaintiff Ortiz was not paid time-and-a-half for hours worked in excess of 40 hours per week.

51. The Defendants never provided Plaintiff Ortiz with a wage notice.

52. The Defendants never provided Plaintiff Ortiz with a wage statement.

*Ana Molina a/k/a Patricia Molina*

53. Plaintiff Molina was employed by ATM from August of 2005 until September 2, 2014.

54. Plaintiff Molina was employed as a Superintendent for the apartment complex located at 55 Nassau Place, Hempstead, New York 11550.

55. Plaintiff Molina's responsibilities included routine maintenance and upkeep of a 14-unit building, located in Freeport, New York.

56. As the building Superintendent, Plaintiff Molina was given a housing credit. She paid between $525 and $550. She was also required to pay a security deposit of $1,225.

57. At all relevant times, Plaintiff Molina received no cash wages whatsoever.

58. Plaintiff Molina's workday typically began at 6AM and ended at approximately 8 PM. She worked 7 days per week. However she was completely relieved from duty at times

during her workday. She worked approximately 50 hours per week. In addition, she was on call until approximately 10PM each day.

59. During the Summer of 2013, Plaintiff Molina contacted ATM's management, requesting a copy of the employment contract she had originally signed, and never received. Upon finally receiving a copy, it was discovered that in addition to the partial break in rent, the contract provided for payment of a monthly salary of $525.

60. By letter dated August 25, 2014, ATM informed Ms. Molina that she was no longer needed as a Superintendent.

61. On September 2, 2014, Plaintiff Molina dropped off her keys and attempted to pick up various tools and equipment that she had purchased for her job duties and was never reimbursed for, including but not limited to, a snow blower and landscaping tools. She was told the equipment was locked away and would not be returned to her.

62. Upon information and belief, ATM failed to record the hours worked by Plaintiff Molina.

63. At all relevant times, Plaintiff Molina was not paid time-and-a-half-for hours worked in excess of 40 hours per week.

64. At all relevant times, Plaintiff Molina was not paid the minimum wages to which she was entitled.

65. The Defendants never provided Plaintiff Molina with a wage notice.

66. The Defendants never provided Plaintiff Molina with a wage statement.

**FIRST CAUSE OF ACTION**
**Minimum Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)**

67. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

68. Defendants were required to pay Plaintiffs at a rate not less than the minimum wage as prescribed by law.

69. Defendants did not pay Plaintiffs the minimum wages to which they were entitled.

70. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

71. Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### SECOND CAUSE OF ACTION
**Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**
**(On Behalf of Ana Molina Only)**

72. Plaintiff Ana Molina realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

73. Defendants knowingly paid Plaintiff Molina less than the minimum wages to which she was entitled pursuant to the New York Labor Law and the supporting regulations.

74. Defendants' failure to pay Plaintiff her minimum wages was willful.

75. Plaintiff Molina is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### THIRD CAUSE OF ACTION
### Overtime Wages under the Fair Labor Standards Act
### 29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)

76. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

77. The overtime wage provisions set forth in the FLSA, 29 U.S.C., 28 U.S.C. § 201q., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

78. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

79. Defendants have failed to pay Plaintiff overtime wages for all of the hours they worked in excess of 40 hours in a work week.

80. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

81. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### FOURTH CAUSE OF ACTION
### Unlawful Deductions from wages under NYLL § 193 and the supporting regulations

82. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

83. Defendants did not reimburse Plaintiffs for the costs of tools, other equipment, and expenses, purchased for the benefit of the Defendants.

84. Housing is a "non-enumerated" item under 12 N.Y.C.R.R. § 195.1 and NYLL § 193.

85. Defendants required the Plaintiffs to pay security deposits which amounted to a deduction from wages in violation of NYLL § 193.

86. Defendants required the Plaintiffs to pay security deposits that exceeded 10% of their gross wages due to them for a payroll period.

87. Defendants required the Plaintiff Molina to pay rent in an amount that exceeded 10% of her gross wages due to her for a payroll period.

88. Plaintiffs are entitled to recover compensatory damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

**FIFTH CAUSE OF ACTION**
**Wage Notice Violations under NYLL §§ 195 and 198**

89. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

90. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

91. Defendants failed to provide the wage notice to Plaintiffs as required by NYLL § 195(1)(a).

92. Plaintiffs are each entitled to recover damages of $50.00 for each workweek that the violation occurred, up to $2,500.00, together with costs and reasonable attorney's fees.

**SIXTH CAUSE OF ACTION**
**Wage Statement Violations under NYLL §§ 195 and 198**

93. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

94. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages," listing *inter alia,* the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof.

95. Defendants failed to provide the wage statements to Plaintiffs as required by NYLL § 195(3).

96. Plaintiffs are each entitled to recover damages of $50.00 for each workweek that the violations occurred, up to $2,500.00, together with costs and reasonable attorney's fees.

### SEVENTH CAUSE OF ACTION
### Failure to Pay Wages under NYLL § 191
### (On Behalf of Plaintiff Ana Molina)

97. Plaintiff Molina realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

98. The wage provisions of Article 6 of the NYLL, specifically NYLL §191 and its supporting regulations apply to Defendants, and protect Plaintiff.

99. Defendants have repeatedly failed to pay Plaintiff wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations in a timely manner consistent with NYLL §191.

100. Through Defendants' knowing or intentional failure to pay Plaintiff wages in a timely manner, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

101. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages for all wages not paid in a timely manner, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
## Common Law Breach of Contract
## (On Behalf of Plaintiff Ana Molina)

102. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

103. Plaintiffs and Defendants had a written employment contract.

104. Specifically, Defendants agreed to pay Plaintiff a monthly salary of $525.00.

105. By failing to pay Plaintiffs for all hours worked at the agreed upon rates, the Defendants breached their contract of employment with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the FLSA;

B. Unpaid minimum wages and an amount equal to unpaid minimum wages under the NYLL and the FLSA;

C. Compensatory damages for unlawful deductions;

D. Spread of hours pay;

E. Liquidated damages on all NYLL Claims;

F. Civil damages in the amount of $50 per week for each violation of the notice provisions of NYLL § 195, up to a total of $2,500;

G. Civil damages in the amount of $100 per week for each violation of the wage statement provisions of NYLL § 195, up to a total of $2,500;

H. Reasonable attorney's fees and costs of the action;

I. Prejudgment interest; and

J. Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: Glen Cove, New York
July 7, 2015

                                                          Respectfully submitted,
                                                          STEVEN J. MOSER, P.C.

                                                          By:  Steven J. Moser
                                                          3 School Street, Suite 207 B
                                                          Glen Cove, New York 11542
                                                          (516) 671-1150
                                                          F (516) 882-5420
                                                          smoser@moseremploymentlaw.com
                                                          *Attorneys for Plaintiff*