UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERTO ORTIZ, JORGE AYALA, and ANA
MOLINA a/k/a PATRICIA MOLINA, individually
and on behalf of all others similarly situated,
                            Plaintiff,                            **REPORT AND**
                                                                         **RECOMMENDATION**
                  -against-                                 CV 15-3940 (SJF)(AYS)

ARTHUR T. MOTT REAL ESTATE, LLC, ATM
ONE, LLC, ATM TOW, LLC, ATM THREE, LLC,
ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC,
193 WASHINGTON, LLC, 21 LINCOLN BLVD.,LLC
25 PENINSULA, LLC, 260 BELMONT, LLC, 271
WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC,
35 NORTH, LLC, 360 WASHINGTON, LLC, 40
GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY
FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC
55 NASSAU PLACEM LLC, 56 BROADWAY, LLC,
56 NORTH LONG BEACH, LLC, 62 TULIP, LLC
655 NASSAU, LLC, 66-70 TULIP, LLC, 700
MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC,
85 VAN COTT, LLC, 95 JERUSALEM, LLC, and
GLEN ARMS GROUP, LLC,

                                     Defendants.
-------------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       Plaintiffs Robert Ortiz ("Ortiz"), Jorge Ayala ("Ayala") and Ana Molina ("Molina") (collectively "Plaintiffs") bring claims against Defendants alleging minimum wage and overtime violations under Federal and State law. The Federal claims allege failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C § 201, et. seq. ("FLSA"). In addition to pursuing individual FLSA claims, Plaintiffs indicate that will seek certification of this action as a collective pursuant to 29 U.S.C. § 216(b). All Federal claims are alleged on behalf of all Plaintiffs.

1

In addition to the FLSA claims, Plaintiff alleges six New York State law claims. Three of those claims, i.e., the claims alleging failure to pay state law minimum wage, failure to pay timely wages, and a claim of breach of contract, are alleged only with respect to Plaintiff Molina. The state law claims asserted on behalf of Plaintiffs Ortiz and Ayala do not allege failure to pay state minimum wage or overtime wages. Those claims alleged on behalf of Ortiz, Ayala and Molina, allege the making of unlawful deductions from wages in violation of Section 193 of the New York Labor Law (the "NYLL") as well as wage notice and statement violations in contravention of Sections 195 and 198 of the NYLL.

Presently before this Court, upon referral by the Honorable Sandra J. Feuerstein for Report and Recommendation, is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety. For the reasons set forth below, it is respectfully recommended that the motion be granted with respect to Molina's claim for breach of contract, and that the motion, in all other respects, be denied.

BACKGROUND

I.      Documents Considered

The facts considered herein are drawn from the Complaint as set forth below. As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiffs.

In the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint. Chambers v. Time Warner,

Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir.1995). Moreover, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir.1998)). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the Complaint, but does not weigh the evidence that might be offered to support it." Newby v. Bank of Am. Corp., 2013 WL 940943, at *3 (E.D.N.Y. 2013) (quoting Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 155 (2d Cir. 2006)).

As an initial matter, the Court notes that Defendants have submitted the following extensive factual affidavits and documents in support of their motion to dismiss:

- Affidavit of Robert Lynch, DE 52-2;
- Affidavit of James Sievert, DE 52-3;
- Affidavit of Dominga Vinas, DE 52-4;
- Affidavit of Adam Grande, DE 52-5;
- Affidavit of Betsy Johns, DE 52-6;
- Current Complaint, DE 52-7, Exhibit (Ex.) A;
- Complaint by Ortiz, DE 52-7, Ex. B;
- Order of Magistrate Judge Vera M. Scanlon 4/23/14, DE 52-7, Ex. C;
- Two signed Settlement Agreements, DE 52-7, Ex. D;

3

- Copies of checks and Check Statements for relevant time period; DE 52-7, Ex. E.

- Superintendent's Agreement and Lease, DE 52-7, Ex. F;

- Last paycheck from employer dated May 16, 2014, DE 52-7, Ex. G;

- Superintendent's Agreement dated August 14, 2007, DE 52-7, Ex. H;

- Copies of checks and check statements for relevant time periods, DE 52-7, Ex. I;

- The Lease for Apartment 1-V, DE 52-7, Ex. J;

- Superintendent's Agreement dated November 30, 2010, DE 52-7, Ex. K;

- A copy of Jorge Ayala's new lease dated December 2, 2010, DE 52-7, Ex. L;

- Letter from Jorge Ayala's wife, dated November 27, 2010, DE 52-7, Ex. M;

- A signed acknowledgement from Jorge Ayala, DE 52-7, Ex. N;

- Copy of check 339890 dated November 25, 2011, DE 52-7, Ex. O;

- Ayala's last pay check, DE 52-7, Ex. P;

- Superintendent's Agreement, DE 52-7, Ex. Q;

- Superintendent's Lease, DE 52-7, Ex. R;

- A copy of the apartment application signed and initialed by Molina, DE 52-7, Ex. S;

- A copy of Molina's rent statement, DE 52-7, Ex. T;

- A copy of a Shelter Verification form for DSS signed by Molina, DE 52-7, Ex. U;

- A summary of the verifications to NCDSS regarding Ms. Molina's rent, DE 52-7, Ex. V;

- A letter requesting Ms. Molina to remove her property, DE 52-7, Ex. W;

- A letter from Molina indicting that she was vacating the unit, DE 52-7, Ex. X;

- Social Security Disability Application (Ortiz), DE 52-7, Ex. Y;

- Transcript of Judgment against Ortiz, DE 52-7, Ex. Z;

- Letter showing rent owed by Ayala, DE 52-7, Ex. AA;

- Termination letter (Molina), DE 52-7, Ex. BB;

- Letter to attorney Moser re return of Molina's keys, DE 52-7, Ex. CC.

Where, as here, a party submits matters outside the pleadings in connection with a motion to dismiss pursuant to Rule 12(b)(6), a district court must either exclude the additional material and decide the motion on the Complaint and permissible documents alone, or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). Upon such conversion, the court must "afford all parties the opportunity to present supporting material." Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 24–25 (2d Cir. 1988). "This conversion requirement is strictly enforced whenever there is a legitimate possibility that the district court relied on material outside the Complaint in ruling on the motion." Id. (internal quotation marks omitted). See Newby, 2013 WL 940943, at *3, note 4.

A district court is not obligated to convert a motion to dismiss to a motion for summary judgment; instead, it is up to the sound discretion of the court to make that decision. Rice v. Kawasaki Heavy Indus., Ltd., 2008 WL 4646184, at *3 (E.D.N.Y. 2008) (citing United States v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007). In the context of the present motion to dismiss, which is made pre-answer and prior to discovery, and in light of the extensive extraneous material submitted and factual issues raised as discussed below, this Court declines to exercise the discretion to convert the motion into a motion for summary judgment, and will consider the motion as made – a motion to dismiss pursuant to Rule 12. Id.

The Court turns now to discuss the facts set forth in Plaintiffs' Complaint, construed in their favor.

II. Parties

All three Plaintiffs worked for the Defendants as Superintendents in buildings operated and managed by Defendant, Arthur T. Mott Real Estate, LLC ("ATM"). ATM operates and manages 31 residential apartment complexes located in Nassau and Queens. See Complaint ("Compl"), DE 1 ¶¶ 10-14; ¶ 26.  Facts alleged as to each individual Plaintiff are set forth below.

A. Jorge Ayala

Ayala was employed by ATM from September 2007 until August of 2012. Id. ¶ 27. He was employed as a Superintendent for a 69 unit apartment complex located on 30 North Long Beach Avenue in Freeport, New York. Id. ¶ 28. His responsibilities included regular up-keep and maintenance of the apartment building. Id. ¶ 29. As part of his compensation, Ayala received on-site housing, for which he was required to pay a security deposit of $1,225.00. Id. ¶ 30. In addition to his housing, he was paid a weekly salary of $400.00. Id. ¶ 31. He was scheduled to work from approximately 6:30am to 6pm, 7 days a week. Id. ¶ 31. He worked approximately 80 to 87 hours per week, and additionally was on call 24 hours a day. Id. At times he was required to work up to 108 hours per week. Id. ¶ 32.

In 2011, Plaintiff Ayala was informed by an ATM Manager named "Jose" that he would need to vacate his current apartment and move into another one, at that time Plaintiff was required to pay an additional $1,450.00. Id. ¶ 33. Plaintiff was not given any vacation time, and if he opted to take time off, he was required to pay for a substitute employee to cover his responsibilities. Id. ¶ 34. In August of 2012, Plaintiff was told he was no longer needed, and was given 15 days to vacate his apartment. There was no mention of a security deposit. Id. ¶ 35. During his employment with Defendants, Ayala was never given time and a half for overtime hours worked, never provided with a wage notice, never provided with a wage statement, and Defendants did not record his hours worked. Id. ¶¶ 36-39.

B. Roberto Ortiz

Ortiz was employed by ATM from 1995 to 2000 as a handyman, and from 2000 until August of 2012 as a Superintendent. Id. ¶ 40. His duties included basic maintenance of a residential apartment complex located at 35 Long Beach Avenue, Freeport, New York. Id. ¶ 41. Ortiz received on-site housing and a weekly salary of $500.00 as compensation for his work. Id. ¶¶ 43-44. Ortiz worked from 8am to 5pm on weekdays. At such times he was required to perform maintenance on various ATM properties. Id. ¶ 45. Ortiz additionally performed Superintendent duties at the Freeport location from 5pm to 12am on weekdays, and from 8am to 4pm on weekends. Id. ¶ 46. Each week, Ortiz worked approximately 96 hours, and he was on call 24 hours a day, seven days a week. Id. ¶¶ 47-48. During his employment with Defendants, Ortiz was never given time and a half for overtime hours worked, never provided with a wage notice, never provided with a wage statement, and Defendants did not record his hours worked. Id. ¶¶ 49-52.

C. Ana Molina

Molina worked for ATM from August of 2005 until September 2, 2014. Id. ¶ 53. She worked as a Superintendent at 55 Nassau Place, Hempstead, New York. Id. ¶ 54. She was responsible for routine maintenance and upkeep for a 14-unit building. Id. ¶ 55. As part of her compensation Molina was given a housing credit, and she additionally paid between $525.00 and $550.00. Id. ¶ 56. Although she received a housing credit, she was still required to pay a security deposit of $1,225.00. Id. ¶ 56. During the time she worked for Defendants, she never received any cash wages. Id. ¶ 57. Molina typically worked between 6am and 8pm, seven days a week. Id. ¶ 58. Molina did not work straight through the day, but was relieved of her duties at times during

her work day. Id. ¶ 58. Her work week averaged approximately 50 hours per week, and she was additionally on call until approximately 10pm each day. Id. ¶ 58.

During the summer of 2013, Molina requested a copy of her employment contract from the Defendants. Upon receiving her signed contract, she learned that she was entitled to both a partial credit in rent and a salary of $525.00 a month. Id. ¶ 59. On August 25, 2014, Molina was informed she was no longer needed as a Superintendent. Id. ¶ 60. On September 2, 2014, Plaintiff was informed that the tools and equipment she purchased with her money for the purposes of performing her job duties would not be returned to her. Id. ¶ 61. During her employment with Defendants, Molina was never given time and a half for overtime hours worked, never provided with a wage notice, never provided with a wage statement, and Defendants did not record his hours worked. Id. ¶¶ 62-66.

### III. The Motion to Dismiss

Defendants seek dismissal of Molina's minimum New York State minimum wage claim and the FLSA minimum wage claims of all Plaintiffs. Molina's breach of contract claim is stated to be barred by the applicable six year statute of limitations pursuant to C.P.L.R. Section 213(2). To the extent that Molina claims that Defendants have improperly retained her personal property, Defendants argue that she is responsible for any failure to take possession of that property and any deprivation thereof is due solely to her own conduct.

Dismissal of the FLSA minimum wage claims, alleged by all Plaintiffs, is premised on the allegations that no Plaintiff worked more than forty hours in a work week, and that Defendants have paid the required wages under New York law. Those wages are alleged to be in excess of any FLSA minimum wage requirement. Plaintiffs' claims of improper wage deductions under state law are agued to be subject to dismissal because tenant security payments are not

illegal wage deductions, but remain the property of tenants. It is further argued that no other illegal deductions have been made. As to the final claims made on behalf of all Plaintiffs, Defendants contend that documents submitted show compliance with New York State wage notice and statement laws.

In addition to arguments outlined above, Plaintiff Ortiz's state and federal claims seeking recovery for Defendants' conduct prior to April 23, 2014, are alleged to be barred by a settlement agreement in a prior case filed in this Court under docket Number 13-4791 (VMS) (the "Ortiz Settlement Agreement"). See Defendants' Motion ("Def. Mot"), DE 52-8; Settlement Agreement DE 52-7 at 34.

Plaintiffs contend that the motion to dismiss must be denied principally because Defendants improperly rely on facts outside of the pleadings and require the court to accept Defendants' version thereof. They argue, essentially, that they state plausible claims that cannot be defeated by reliance on Defendants' version of the facts, as supported by affidavits that may not be considered in the context of a motion to dismiss. Defendants' arguments that Plaintiffs are not entitled to overtime claims under NYLL are stated to be moot since no such overtime claims under state law are alleged. Plaintiffs also note that Defendants have not moved to dismiss Plaintiffs' overtime claims under the FLSA, which remain pending, whatever the outcome of the motion. DE 52-10, page 5.

As stated above, the Court will not exercise the discretion to convert this motion to a motion for summary judgment and consider all of the extrinsic factual and affidavit evidence relied upon by Defendants. While the Court will consider neither the factual affidavits submitted nor the exhibits attached thereto, upon review of those documents, the Court holds that it is appropriate, in the context of this motion to dismiss, to consider Molina's contract and the Ortiz

9

Settlement Agreement. See Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted); see also Messina v. Mazzeo, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) ("court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit."). Both documents are clearly documents in these Plaintiffs' possession, or of which they had knowledge. Moreover, there has been no argument made that either of these documents were not signed by these Plaintiffs.

I.  Legal Principles: Standards Applicable on Motions to Dismiss

    A.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). In deciding a motion to dismiss, "a court must 'accept all allegations in the Complaint as true and draw all inferences in the non-moving party's favor.'" U.S. ex rel. Siegel v. Roche Diagnostics Corp., 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009)). With these standards in mind, the Court turns to assess the viability of each of Plaintiffs' claims.

  IV.  Discussion

  1.  As to the State and Federal Minimum Wage Claims

    a.  Plaintiffs Plausibly Allege Minimum Wage Violations

The FLSA and the NYLL require that employers pay their employees an hourly minimum wage. Such wages are currently $7.25 per hour under the FLSA, and $9.00 per hour under the NYLL. See 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1). The Court notes that although the minimum wage requirements change periodically, even in 2010, the minimum wage under the NYLL was $7.15, and the minimum wage under the FLSA was between $6.55 and $7.55 per hour. Id.

All Plaintiffs claim the failure to pay the required FLSA minimum wage. Only Molina claims a failure to pay the proper state minimum wage. Defendants characterize Plaintiffs as "exempt" from the hourly NYLL minimum wage under 12 NYCRR 141-1.3, and instead, are subject to the provisions of 12 NYCRR 141.1.2 ("Unit Rates"), as discussed below. DE 52-12, page 4. Plaintiffs agree that, as Building Superintendents, they are not entitled to overtime compensation under New York State law. DE 52-10, page 7. They further agree that they should be paid Unit Rates of wages under state law, as opposed to the state hourly minimum wage. The disagreement as to the only Plaintiff raising a state minimum wage claim (Molina) is with respect to the sufficiency of payments made. Prior to determining whether Molina's state minimum wage claim should be dismissed, the Court explains below the New York wage scheme pursuant to which Building Superintendents are compensated.

In New York, the term building superintendent is commonly known to refer to a resident janitor. Koljenovic v. Marx, 999 F. Supp. 2d 396, 400 (E.D.N.Y. 2014) (citing cases). New York has adopted alternative wage regulations for employers in the building service industry. 12 N.Y.C.R.R. § 141–1.1. As entities "engaged in whole or in part" in the business of renting or managing a building, the defendants are part of the building service industry. Id.; 12 N.Y.C.R.R. § 141–3.1(a). As "a person employed to render any physical service in connection with the

11

maintenance, care or operation of a residential building," the Plaintiffs are classified as janitors for purposes of the NYLL. Id. § 141–3.4. Instead of requiring an hourly minimum wage and overtime premium, New York requires employers in the building service industry to pay janitors in residential buildings a weekly minimum based on the number of units in the building, subject to a cap. Id. §§ 141–1.2, 141–2.8. As such, Plaintiffs were entitled to be paid $4.50 per residential unit to a maximum of $287.15 per week from July 13, 2006, to December 31, 2006; $4.80 per residential unit up to $304.10 per week from January 1, 2007, to July 23, 2009; $4.85 per residential unit up to $308.35 per week from July 24, 2009 to December 30, 2013; $5.35 per residential unit up to $340.25 per week from December 31, 2013 to December 30, 2014; $5.85 per residential unit up to $372.15 per week from December 31, 2014 to December 30, 2015; and $6.00 per residential unit up to $382.80 per week on and after December 31, 2015.  12 N.Y.C.R.R §§ 141–1.2, 141–2.8. See Llolla v. Karen Gardens Apartment Corp., 2014 WL 1310311, at *10 (E.D.N.Y. 2014), report and recommendation adopted as modified, 2014 WL 1311773 (E.D.N.Y. 2014) (citing Notice of Adoption, N.Y. Dep't of Labor, 2010 N.Y. Reg. Text 203716(NS) (Jan. 6, 2010) (amending wage regulations in effect at time Complaint was filed)); see also Lee v. Kim, 2013 WL 4522581, at *5 (E.D.N.Y. 2013).

As noted, Plaintiff alleges state minimum wage violations only with regard to Plaintiff Molina, who was not paid any cash wages, but only given a credit as to the payment of rent. In the case of Molina, Defendants argue that she was properly paid because her rent credit exceeds the wages she would otherwise have been due. Specifically, Defendants claimed an initial rent credit of $465.00 or $107.31 per week, which increased each year to a final claimed credit of $700.00 or $161.54 per week. As Molina worked in a 14 unit building, she was required to receive $4.50 per unit per week between July 24, 2009 and December 30, 2013, and $5.35 per

unit per week between December 31, 2013 and the day she left. Thus, according to the Court's calculations, she was entitled to a minimum weekly wage of $63.00 to $74.90. Plaintiff Molina argues that the amount deducted as housing credit exceeded the allowable amount, and reduced Plaintiff's rate of pay to less than the minimum wage. Molina does not allege the hourly rate she received, as she asserts it is impossible to do so at this stage based on a lack of documentation that Defendants have not yet provided. DE 52-10. While only Molina asserts the failure to pay a state law minimum wage, all Plaintiffs assert minimum wage violations under the FLSA.

Plaintiffs argue, and the Court agrees, that Defendants cannot, in the context of the present motion, show the proper values of rental allowances claimed. It is therefore not possible at this juncture to determine whether they have met or paid Molina's state or federal wages or the federal minimum wages due to all Plaintiffs. Additionally, even if the apartment values and unit rates were clearly established, the number of hours worked by each Plaintiff are matters that, at this juncture, remain in sharp dispute. Thus, regardless of the standard to be applied in determining whether the law has been violated, it would still not be possible for the Court to determine whether the minimum wage statutes under New York and Federal laws have been violated. Although Plaintiffs' claims may not be able to survive a summary judgment motion, at this stage Plaintiffs have plausibly alleged claims that Defendants violated both the FLSA and New York state laws. Accordingly, the Court recommends the District Court deny the motion to dismiss both Molina's NYLL minimum wage claim, and the FLSA minimum wage claims of all Plaintiffs.

2. As to the Claim that Defendants Made Improper Wage Deductions

Section 193 broadly prohibits employers from taking money from their employees for the employer's own benefit. Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 951 (S.D.N.Y.

2013) (citation omitted). "The purpose of Section 193 is to prohibit employers from making unauthorized deductions from wages [and therefore] to place the risk of loss for such things as damaged, spoiled merchandise, or lost profits on the employer." Karic v. Major Auto. Companies Inc., 992 F. Supp. 2d 196, 202 (E.D.N.Y. 2014) (quoting Maldonado v. La Nueva Rampa, Inc., 2012 WL 1669341, at *8 (S.D.N.Y. 2012)). Plaintiff Molina claims an unlawful deduction from her wages in the form of rental payments exceeding 10% of her gross wages. All Plaintiffs claim improper deductions based upon the failure of Defendants to reimburse Plaintiffs for costs of tools, equipment, and expenses incurred on behalf of their employers. They further allege that the payment of security deposits exceeding 10% of their gross wages constituted an unlawful deduction.

    As noted, only Molina has alleged that a rent credit was unlawfully deducted from her salary. To the extent that the complaint can be read as asserting a claim that Defendants deducted a housing amount from Molina in violation of Section 193, such claim cannot be dismissed at this time. Although the Complaint alleges that rent was deducted from Molina's salary, it is unclear if the amount deducted was a violation of law. Indeed, the Wage Order for the Building Service Industry allows the rental value of an apartment furnished by an employer to an employee to be considered part of the minimum wage. However, the credit claimed by the employer is limited by the Building Industry Wage Order, 12 NYCRR 141-1.5, which asserts that Defendants may not take a rental allowance against the Plaintiffs' minimum wage at levels greater than that allowed on June 1, 1975. Id. As Plaintiff is unable to calculate what her hourly wage was while she worked for Defendants, it is premature to determine whether Defendants improperly deducted her wages under the NYLL. The lack of documentary evidence as to the value of Molina's apartment also renders any ruling on the motion to dismiss this claim

14

premature. At this early stage of the proceedings, reading the complaint in a light most favorable to the Plaintiff, Molina has plausibly plead a claim that the Defendants improperly deducted a rental amount.

As to the claim that Defendants violated section 193 of the NYLL by failing to reimburse Plaintiffs for tools they bought for the purposes of work, and, in Molina's case, for refusing to return them to her upon the termination of her employment, such claims survive this motion. A plain reading of Section 193(1) applies only to deductions from the employee's wages. As Molina alleges that she bought the tools at issue with her money, and not that the employer deducted the amount of money the tools cost from her wages, the complaint does not plausibly allege that Defendants violated section 193(1). Hart, 967 F. Supp. 2d at 952. However, the complaint does plausibly allege that Defendants violated section 193(3)(a). Section 193(3)(a) forbids an employer from requiring "an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction..." NYLL § 193(3)(a). A "separate transaction" has been interpreted to be a payment that "comes from an employee's own funds." Hart, 967 F. Supp. 2d at 954. As the complaint states that Molina purchased the tools for her job duties, and was not reimbursed, she has plausibly alleged a violation of NYLL § 193(3)(a).

As to the allegations that Defendants violated Section 193 of the NYLL by requiring Plaintiffs to pay a security deposit, the Court finds that Plaintiffs have plausibly alleged a violation of 193(3)(a). Although evidence introduced during the course of this litigation may in fact show that a requirement for such deposit was not a violation, at this early stage, the Complaint adequately alleges that the Plaintiffs were required to pay a security deposit to maintain housing at the location where they were required to perform their job duties. As such,

the Plaintiffs have adequately alleged that security money paid to the Defendants, which was not returned to Plaintiffs, came from their own funds. Hart, 967 F. Supp. 2d at 955.

3. As to the Claim of Wage Notice Violations under NYLL Sections 195(1)(a)

Effective April 9, 2011, the NYLL requires that "every employer shall provide their employees, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer a notice containing information about rates of pay." see also Guaman v. Krill Contracting, Inc., 2015 WL 3620364, at *4 (E.D.N.Y. 2015) (quoting N.Y. L.L. § 195(1)(a)). Although the statute has been changed, effective December 29, 2014, to only require such notice at the time an employee is hired, the version requiring notice to be issued each February was in effect during at least part of each Plaintiff's tenure with the Defendants. Id., note 4 (citations omitted).

Defendants argue that because all Plaintiffs were hired prior to April 9, 2011, Defendants were not required to provide wage notices. The Court agrees that because the Plaintiffs were hired after April 9, 2011, they were not required to receive notice on the date they were hired. However, for at least part of the time each employee was employed by Defendants, Defendants were required to provide such notice "on or before February first of each subsequent year of the employee's employment with the employer." Guaman, 2015 WL 3620364, at *4 (quoting NYLL § 195(1)(a)). As Plaintiffs allege they received no notice, they have sufficiently alleged that Defendants violated Section 195(1)(a) of the NYLL.

4. As to the Claim of Wage Notice Violations under NYLL Section 195(3)

The New York Labor Law requires that all employers must "furnish each employee with a statement with every payment of wages ..." N.Y.L.L. § 195(3). "For all employees who are not exempt from overtime compensation ... the statement shall include the regular hourly rate or

16

rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." Id.; see also Guaman, 2015 WL 3620364, at *5.

As Plaintiffs have alleged that Defendants failed to provide wage statements to the Plaintiffs, they have sufficiently alleged that Defendants violated section 195(3) of the NYLL.

5. As to the Claim for Failure to Pay Wages to Molina Under NYLL Section 191

Section 191(1)(a) of the New York Labor Law provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by ... a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly." NYLL § 191(1)(a); Myers v. Hertz Corp., 624 F.3d 537, 543 (2d Cir. 2010) (stating that N.Y. Lab. Law § 191 "guarantees the timely payment of wages by employers"). See Gonzales v. Gan Israel Pre-Sch., 2014 WL 1011070, at *12 (E.D.N.Y. 2014). A janitorial worker or a person whose duties include cleaning is considered a manual worker for the purpose of this statute. See Gonzales v. Gan Israel Pre-Sch., 2014 WL 1011070, at *13.

Plaintiff Molina has alleged that she was entitled to a monthly salary of $525.00 in addition to her housing credit. She further alleges that she has never received any cash payment of wages. This Court holds that such allegations plausibly alleged a violation under Section 191 of the NYLL. Accordingly, this Court recommends that the motion to dismiss this claim be denied.

6. Breach of Contract (Molina)

The Defendants argue that this claim should be dismissed as the statute of limitations has expired. Plaintiffs have not opposed Defendants' arguments. Accordingly, this Court recommends dismissal of Plaintiff Molina's breach of contract claim.

       7.      <u>Ortiz Settlement Agreement</u>

Defendant's final argument is that, with the exception of a limited period of time, the Ortiz Settlement Agreement bars his claim. That agreement was reached in the context of a case alleging only the failure to pay overtime wages in violation of the FLSA and the NYLL. <u>See</u> Complaint DE 1 in case filed under Docket Number 13-4791(E.D.N.Y.) (VMS). The settlement agreement in that case covers the "subject matter" in that litigation, and resolved all claims raised therein. <u>See</u> CV 13-4791; DE 16-1 at 3. Construing all facts alleged herein in favor of Ortiz, and in view of the fact that the complaint herein does not raise any claims for overtime compensation, this Court holds that the Ortiz Settlement Agreement does not require dismissal of the claims asserted herein on behalf of Ortiz. The Court therefore denies to recommend dismissal of Ortiz's claims on the ground of the Ortiz Settlement Agreement.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion to Dismiss, appearing as Docket Entry No. 52 herein, be granted to the extent that the breach of contract claim is dismissed, and be denied as to all other claims.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all Counsel via ECF. Defendants are directed to serve <u>Pro Se</u> Plaintiff Ortiz by overnight mail, and file proof of service, via ECF, within two days of this Order. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within

fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       September 15, 2016

                                  /s/ Anne Y. Shields
                                  Anne Y. Shields
                                  United States Magistrate Judge