UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERTO ORTIZ, JORGE AYALA, and ANA
MOLINA a/k/a PATRICIA MOLINA, individually
and on behalf of all others similarly situated,

                                  Plaintiffs,

        -against-

ARTHUR T. MOTT REAL ESTATE, LLC, ATM
ONE, LLC, ATM TOW, LLC, ATM THREE, LLC,
ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC,
193 WASHINGTON, LLC, 21 LINCOLN BLVD.,LLC
25 PENINSULA, LLC, 260 BELMONT, LLC, 271
WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC,
35 NORTH, LLC, 360 WASHINGTON, LLC, 40
GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY
FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC

55 NASSAU PLACEM LLC, 56 BROADWAY, LLC,
56 NORTH LONG BEACH, LLC, 62 TULIP, LLC
655 NASSAU, LLC, 66-70 TULIP, LLC, 700
MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC,
85 VAN COTT, LLC, 95 JERUSALEM, LLC, and
GLEN ARMS GROUP, LLC,

                                  Defendants.
-----------------------------------------------------------------X

Civil Action No.: 15-cv-3940
(SJF) (AYS)

**OBJECTIONS TO REPORT
AND RECOMMENDATIONS**

CV 15-3940 (SJF) (AYS)

      Defendants submit for consideration by the Court, the following objections to the Report and Recommendation (hereinafter the "R & R"), dated September 15, 2016. The Reference to "Defendants' Exhibit(s) . . . ." are to the Exhibits provided with the Defendants' Motion to Dismiss. Exhibits annexed to the Defendants' Reply, are designated as such.

**Objections to the Report and Recommendations as to Plaintiff, Roberto Ortiz.**

      1.     Upon receiving a copy of the Summons and Complaint in this action, and prior to the submission of the Defendants' Motion to Dismiss, Defendants' counsel advised Mr. Moser's

1

office of Mr. Ortiz' prior action and settlement agreement under 13-cv-4791.

2. Subsequent to the filing of the Motion to Dismiss, the parties appeared several times before the Hon. Sandra J. Feuerstein. At an appearance on November 19, 2015, the issue of Mr. Ortiz's prior claims and *Res Judicata* arose. On December 7, 2015, Plaintiff's counsel informed the Court that a review of the settlement agreement in the 2014 Action, indicated that the agreement "deal[s] with" the 2015 Action, and on December 11, 2015, filed a Motion to Withdraw as counsel for Mr. Ortiz. By Order of this Court dated January 14, 2016, the Motion was denied without prejudice.

3. During a pre-trial conference on June 21, 2016, the Court granted the oral application of Mr. Moser to be relieved as counsel for Mr. Ortiz.

4. It is important to note that in their response to the Defendant's motion to dismiss, Plaintiff Ortiz's counsel, did not object to or brief the Defendants' motion to dismiss. Thereby concurring that Plaintiff, Ortiz's claims were barred by *Res Judicata*.

5. In support of her Recommendation regarding Mr. Ortiz, Magistrate Judge Shields indicates that the 2013 action, 13-cv-4791, (Defendants' Exhibit B), alleged a failure to pay overtime under FLSA and NYLL, which was then the "subject matter" of the litigation, that the current action, 15-cv-3940 (Defendants' Exhibit A) does not include a claim for overtime, and thus, the "subject matter" is different and *Res Judicata* does not lie. It should be noted that Ortiz's former Complaint under 13-cv-4791, Page 6, Count II, ¶¶ 40-45 (Defendants' Exhibit B), alleges not only overtime claims, but also other violations under the NYLL, including Wage Statement and Notice claims (Defendants' Exhibit B, ¶ 44). These same claims are also present in the current Complaint pursuant to 15-cv-3940.

6. Paragraph 48 of the current Complaint (15-cv-3940) (Defendants' Exhibit A),

states, "Plaintiff Ortiz worked 96 hours per week." Thus, based upon a forty hour work week, Ortiz alleges overtime in excess of the 40 hours, and there is an overtime claim in the current complaint.[1] The current Complaint and the prior Complaint, both include claims based upon the Wage Notice and Wage Statement requirements under State Law.

7. Both of Mr. Ortiz's Complaints contain overtime wage claims, under the FLSA and various other provisions of the NYLL. Thus, Plaintiff Ortiz's employment and the alleged violations under the FLSA and the NYLL are the "subject matter" of both Complaints.

8. "Under the doctrine of res judicata, disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" Bayer v. City of New York, 115 A.D.3d 897, 898 (Second Dept. 2014). Here, all causes of action arise out of the employment of the Plaintiffs as Superintendants/Janitors, all claims fall under the FLSA and the NYLL, and Plaintiff, Ortiz's claims prior to April 23, 2014 must be determined to be barred.

9. Such a dismissal constitutes a final judgment with the preclusive effect of '*res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.' *Heiser v. Woodruff*, 327 U.S.726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Teltronics v. L M. Ericsson Telecommunications*, 642 F.2d 31, 35 (2d Cir. 1981).

10. Courts recognize that there are limitations as to issues and claims that they must consider where the parties have previously addressed or should have addressed them in prior

---

[1] Also and notably, as the "R & R" pointed out, "[t]he state law claims do not allege a failure to pay state minimum wage or overtime wages ("R & R" page 2, ¶ 1).

3

proceedings. "A stipulation of discontinuance with prejudice has the same effect as a final judgment on the merits for res judicata purposes. *Schwartzreich v. E.P.C. Carting Co., Inc.*, 246 A.D.2d 439, 441, 668 N.Y.S.2d 370, 392 (1st Dept. 1998). Thus, where parties choose to settle an action and enter into a settlement stipulation, with prejudice, that stipulation will bar the settling parties from commencing new litigation arising from the same set of circumstances as the settled case. *Schwartzreich,* 246 A.D.2d at 441, 668 N.Y.S.2d at 372; *accord Forte v. Kaneka America Corp.*, 110 A.D.2d 81, 85, 493 N.Y.S.2d 180, 183 (2nd Dept. 1985). Allianz Insurance Company v. Lerner, 296 F.Supp.2d 417 (E.D.N.Y. 2003).

11. The circumstances affecting Mr. Ortiz exist in both Actions, and *Res Judicata* should have preclusive effect here.

**Objections to the Report and Recommendations as to Plaintiff, Jorge Ayala.**

12. Although Defendants' deny that any of the named Plaintiffs worked more than forty (40) hours per week, the Defendants also recognized that the over time question is a question of fact and not eligible for dismissal under the current Motion.

13. In the "R & R", it is alleged that, "while only Molina asserts the failure to pay a state law minimum wage, all Plaintiffs assert minimum wage violations under the FLSA" ("R & R", page 13, Paragraph 1). This statement apparently relies upon the "catch all" quality of Paragraph 69 of the current Complaint (Defendants' Exhibit A), but warrants further review as it is inconsistent with the specific facts alleged for Mr. Ortiz and Mr. Ayala, where the only claim is for "Overtime wages".

14. As to the minimum wage under the forty (40) hour work week applicable to the FLSA, the Plaintiffs' current Complaint (Defendants' Exhibit A) states in Paragraph 31 that, "at all times relevant, Plaintiff Ayala was paid a weekly salary of $400.00." *See*, Giles v. City of

New York, 41 S.Supp.2d 308 at 317 (S.D.N.Y. 1999) (Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours.). This equates to a rate for regular time of $10.00 per hour, well in excess of the Federal Minimum Wage of $7.25 per hour.

15. A further review of the current Complaint and the claims alleged specifically as to Plaintiff, Ayala, demonstrate that there is <u>no</u> claim of a violation of the minimum wage under the FLSA, nor under State Law (Paragraphs 27-39 of the current Complaint, Defendants' Exhibit A).

16. Notably, even if there was a claim, as argued in the Defendants' Memorandum in Reply, (Pages 4-5, B-1), "if the Defendants, as is the case here, are not claiming the rent credit to meet the minimum wage requirement for Plaintiff, Ayala under State Law, the Defendants are not required, as Plaintiffs claim, to maintain records for the apartment rental on a date certain, June 1, 1975."

17. Therefore, the position in the R & R (Page 13, ¶2), that, "Defendants cannot in the context of the present motion, show the proper values of rental allowances claimed. It is therefore not possible at this juncture to determine whether they have met or paid Molina's state or federal wages <u>or the federal minimum wages due to all Plaintiffs</u>" (Emphasis supplied), warrants additional review. This is especially true, where Mr. Ayala's cash wage of $400.00 per week for a forty (40) hour week ($10.00 per hour), satisfies the basic minimum wage requirement under the FLSA, and he is not relying upon a rent credit to satisfy the basic minimum wage.

18. Moreover, even if there was a claim, as argued in the Defendants' Memorandum in Reply, (Pages 4-5, B-1), "if the Defendants, as is the case here, are not claiming the rent credit

5

to meet the minimum wage requirement for Plaintiff Ayala under state law, the Defendants are not required, as Plaintiffs claim, to maintain records for the apartment rental on a date certain, June 1, 1975." Ayala's cash payment far exceeds the unit rate under State Law and the basic minimum wage requirement under the FLSA.

**AYALA AND THE WAGE NOTICE AND WAGE STATEMENT**

19. There can be no dispute that Plaintiff, Ayala, was receiving $400.00 per week, as he admits it in the Complaint 15-cv-3940 (Defendants Exhibit A). In addition, Defendants provided the wage statements provided to Mr. Ayala, in their motion to dismiss (Defendants' Exhibit I), and demonstrated that he indeed received vacation pay and vacation time (Defendants' Exhibit O). To prevail on his claim of a violation under the New York Wage Theft Prevention Act (NYLL § 195-1), it is incumbent upon the Plaintiff to demonstrate that the defendant(s) did not make complete and timely payment under State law. It is clear in the copies of the wage statements, received by Plaintiff, Ayala, which were not controverted by Plaintiff, Ayala, that pursuant to State Law, Defendants' did make complete and timely payment under the law.

20. Moreover, the documents provided by the Defendants, demonstrate complete payment as agreed under the Superintendent's Agreement (Defendants' Exhibit H), and compliance with applicable Regulations under State Law, as Defendants did not rely upon a rent credit to compensate Mr. Ayala for his compensation under State Law, and minimum wage under Federal Laws.

21. New York Labor Law § 1998 1-b, provides in relevant part, "in any action or administrative proceeding to recover damages for violation of paragraph (a) of subdivision one of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the

6

employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article . . ..." Id. and a Wage Notice Violation does not lie with this Plaintiff.

22. Finally, as to the Wage Notice, the R & R claims that under State Law, "Defendants were required to provide such notice, on or before February first of each subsequent year of the employee's employment with the employer. " This is currently accurate, only if there has been a change in the employee's compensation, which did not occur here with Mr. Ayala.

23. For the foregoing reasons, the only wage claim for Plaintiff, Ayala, that survives the Motion to Dismiss, should be the claim based upon overtime under the FLSA.

24. In addition, the Wage Notice and Wage Statement claims pertaining to Ayala should also be dismissed.

**Objections to the Report and Recommendations as to Plaintiff, Ana Molina.**

25. As an initial matter and as argued in Defendants' Motion to Dismiss, Wage Order, 12 NYCRR 141-1.5 does not apply to Ana Molina's building. The "R & R" states that based upon the Wage Order, "the Defendants may not take a rental allowance against the Plaintiff's minimum wage at levels greater than that allowed on June 1975" ("R & R", page 14, Paragraph 2).

26. Notwithstanding Defendants' arguments as to the confiscatory and unreasonable result of the application of 12 NYCRR 141-1.5, as demonstrated in the Defendants' Motion to Dismiss and in their Reply, Molina's building, located at 55 Nassau Place, Freeport, New York, was not built and occupied in 1975, and the rental allowance cannot be dependent upon the Wage Order, 12 NYCRR 141-1.5. Included as Exhibit A to the Declaration in Reply of

7

Defendants' counsel, is a copy of the Certificate of Occupancy for the property located as 55 Nassau Place, and this Court may take Judicial Notice of this official document. A rent roll for 1975 simply doesn't exist, and it is impossible for the Defendants to comply with this Regulation.

> In New York, the rules governing judicial notice of facts have developed through the common law process [See e.g., *Murray v. Donlan,* 77 A.D.2d 337, 348, 433 N.Y.S.2d 184 (2d Dept.1980) (" 'Judicial notice' is that mode of ascertainment by judicial authority of matters of universal knowledge without having such matters established by evidence in the individual case."); *Ptasznik v. Schultz,* 247 A.D.2d 197, 198, 679 N.Y.S.2d 665 [2d Dept.1998] ("The test is whether the fact rests upon knowledge or sources so widely accepted and unimpeachable that it need not be evidentiarily proven."); *Dollas v. W.R. Grace and Company,* 225 A.D.2d 319, 320, 639 N.Y.S.2d 323 (1st Dept.1996) ("A Court may only apply judicial notice to matters of common and general knowledge which are well established and authoritatively settled, and are not doubtful or uncertain. The test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof") ].

Miriam Osborn Memorial Home Association v. Assessor of the City of Rye, 9 Misc.3d 1019, 1024, 800 N.Y.S.2d 909, 912-913 (Sup. Ct., Westchester County 2005).

27. "In some cases evidence is admissible to show that an ordinance is unreasonable, and this is necessarily so where compliance with the ordinance is impossible . . . ." Stubbe et.al. v. Adamson et.al., 173 A.D.305 (First Dept. 1916).

28. Moreover, "[i]n circumstances where the proper construction of a statute or regulation is open to legitimate debate, the application of the statute or regulation must be construed against the municipality . . ." In the Matter of Food Parade, Inc. v. Office of Consumer Affairs of County of Nassau, 799 N.Y.S.2d 55, 57, 19 A.D.3d 593, 5695 (Second Dept. 2005, *Aff'd.* In the Matter of Food Parade, Inc. v. Office of Consumer Affairs of County of Nassau, 7 N.Y.3d 568, 859 N.E.2d 473, 825 N.Y.S.2d 667 (2006). *See also,* Gustafson v. Alloyd Company, Incorporated, 115

8

S.Ct. 1061, 1071, 131 L.Ed.2d 1, 513 U.S. 561, 577(1995) (Just as the absence of limiting language in §17(a) resulted in broad coverage, the presence of limiting language in § 12(2) requires a narrow construction.), . . . there can be no question that the language of 12 NYCRR 141-1.5 should also be narrowly construed.

29. Here, based upon the foregoing, 12 NYCRR 141-1.5 and related regulations, do not apply. What should apply is 12 NYCRR ¶ 141-2.9, which states, a wage may be a, "commission, bonus, piece rate or unit rate, or any other basis." Id. See NYLL § 190[2]; See also, 29 U.S.C.A § 203 (m).[3]

30. As demonstrated in our Motion to Dismiss, at no time was the difference less than the $63.00 to $74.90 per week (or $252.00 to $299.60 per month), based upon the rent credit of no less at any time, of $465.00, which satisfies the unit rate requirement for a 14 unit building under State Law.

31. These facts concerning Ms. Molina's rental arrangement with the Defendants, were confirmed by Molina in her representations to the Department of Social Services (Defendants' Exhibit U), and known to her to be her $525.00 contribution toward her rent, which was also memorialized each month in her rent statement (Defendants' Exhibit T).

32. Ms. Molina first approached the Defendant(s) during her search for an apartment. She negotiated a lower rent than the $990.00 rent required for the apartment, by agreeing to

---

[2] This language essentially mirrors NYLL § 190, which states in relevant part, "Wages" means the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."

[3] "Wage", paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities if such board, lodging or other facilities are customarily furnished by such employer to his employees . . ."

provide part time services to the building. Instead of $990.00, her rent was reduced to $525.00, providing her with a "partial rent break" of $465.00 (Defendants' Exhibit A, § 59). As argued in Defendants' Motion to Dismiss, Superintendants are not required to live in the building where they provide services, and this was the case with Ms. Molina.

33. On page 14 of the "R & R", second paragraph, it is alleged that, "[a]s noted, only Molina has alleged that a rent credit was unlawfully deducted from her salary". This conclusion also warrants further review.

34. A reading of the specifics of Ms. Molina's claims (Defendants' Exhibit A, paragraphs 53-66), demonstrates that there is no claim that a "rent credit" was unlawfully "deducted" from her salary. Interestingly, the use of the term, "partial rent break", in paragraph 59 of the current Complaint (Defendants' Exhibit A), is consistent with the Defendants' claim that the, "rent credit" was intended to be a partial break as to the rent due on the apartment, negotiated by Ms. Molina, and was not a "deduction".

35. The only paragraph in the Complaint that address Ms. Molina's rental situation, are paragraphs 56 and 59. Paragraph 56 provides, "As the building Superintendent, Plaintiff Molina was given a housing credit. She paid $525.00. As an occupying tenant, she was also required to pay a security deposit of $1,225.00." Although the Defendants contend that the security deposit required by all tenants in all of the buildings is not an improper deduction, there can be no dispute that there is no allegation in the Complaint that the rent credit itself was an unlawful deduction. The claim by the Plaintiff was that the Security deposit was an unlawful deduction.

36. Paragraph 59 provides in relevant part that upon receiving a copy of her 2005 employment contract (Defendants' Exhibit, Q), "it was discovered that in addition to the partial

10

break in rent, the contract provided for payment of a monthly salary of $525.00." Defendants' responded that this was a Scrivener's error, and Molina always knew that the $525.00 was her contribution toward the rent (Defendants' Exhibits T and U), not a salary.

37. The issue of the $525.00 arises solely in the Plaintiffs' Eighth Cause of Action for Breach of Contract (Defendants Exhibits, Exhibit A, Paragraph 102 to 105), and the "contract" formed the basis of Molina's claim that she should have received $525.00 pursuant to the written document from 2005. Magistrate Shields recommended that the Eighth Cause of Action for Breach of Contract be dismissed based upon the Statute of Limitations, and of course, we agree.

38. However, the foregoing notwithstanding, on Page 17 of the "R & R", Fourth Paragraph, Magistrate Shields states in relevant part that, "Plaintiff Molina has alleged that she was entitled to a monthly salary of $525.00 in addition to her housing credit. . . . Accordingly, this Court recommends that the motion to dismiss this claim be denied."

39. The $525.00 claim is the same, exact claim as the Breach of Contract claim in the Eighth Cause of Action (Defendant Exhibits, Exhibit A, Paragraph 102 to 105), and to the extent the Court's position gives credence to the claim regarding the $525.00, which is clearly barred by the Statute of Limitations, it is error and should be withdrawn.

40. Finally and importantly, the Plaintiffs have not opposed the Defendants' arguments on this issue in the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendants submit that the claims by Plaintiff, Roberto Ortiz should be dismissed based upon *Res Judicata*, all minimum wage claims by Plaintiff, Jorge Ayala, Wage Notice claims and Wage Statement claims should be dismissed, all claims by Plaintiff, Molina concerning the amount of $525.00 Dollars should be dismissed based upon the

six year Statute of Limitations, state claims arising pursuant to 12 NYCRR 141-1.5 should be dismissed based upon impossibility of compliance, Wage Order 12 NYCRR 141-2.5 should be used to calculate Ms. Molina's compensation, and her claim for State minimum wage violations be dismissed.

Dated: Floral Park, New York
October 14, 2016

Respectfully submitted,

/s/ Barbara Lee Ford / BF1130
BARBARA LEE FORD, ESQ.
THE LAW OFFICE OF BARBARA LEE FORD
500 Old Country Road, Ste. 100
Garden City, New York 11530
(516) 502-4080
Fax (516) 502-4082

To:
STEVEN J. MOSER, ESQ
STEVEN J. MOSER P.C.
3 School Street, Ste. 207B
Glen Cove, New York 11542
(516) 671-1150
Fax (516) 882-5420

ROBERTO ORTIZ
13701 SW 66th Street, Apt. PH3
Miami, Florida, 33183

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERTO ORTIZ, JORGE AYALA, and ANA
MOLINA a/k/a PATRICIA MOLINA, individually
and on behalf of all others similarly situated,

                Plaintiffs,

    -against-

ARTHUR T. MOTT REAL ESTATE, LLC, ATM
ONE, LLC, ATM TOW, LLC, ATM THREE, LLC,
ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC,
193 WASHINGTON, LLC, 21 LINCOLN BLVD.,LLC
25 PENINSULA, LLC, 260 BELMONT, LLC, 271
WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC,
35 NORTH, LLC, 360 WASHINGTON, LLC, 40
GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY
FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC
55 NASSAU PLACEM LLC, 56 BROADWAY, LLC,
56 NORTH LONG BEACH, LLC, 62 TULIP, LLC
655 NASSAU, LLC, 66-70 TULIP, LLC, 700
MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC,
85 VAN COTT, LLC, 95 JERUSALEM, LLC, and
GLEN ARMS GROUP, LLC,

                Defendants.
-----------------------------------------------------------------X

Civil Action No.: 15-cv-3940
(SJF) (AYS)

**CERTIFICATE OF SERVICE**

**HON. SANDRA J. FEUERSTEIN**

      The undersigned, a member of the Bar of this Court, hereby certifies that on October 16, 2016, she served a copy of the Defendants' Objections to the Report and Recommendations upon Plaintiff, Roberto Ortiz, residing at 13701 SW 66th Street, Apt. PH3, Miami, Florida, 33183, as per location information provided by the Law Office of Steven J. Moser, former attorney for Roberto Ortiz.

c.c.:   Steven J. Moser, P.C.
       3 School Street, Ste. 207B
       Glen Cove, New York 11542

BARBARA LEE FORD (BF1130)
The Law Office of Barbara Lee Ford
206 Jericho Turnpike, Second Floor
Floral Park, New York 11001
516-502-4080

*Index No.* **15-cv-3940** *Year 20* **2015**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERTO ORTIZ, JORGE AYALA, and ANA MOLINA a/k/a PATRICIA MOLINA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ARTHUR T. MOTT REAL ESTATE, LLC, ATM ONE, LLC, ATM TWO, LLC, ATM THREE, LLC, ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC, 193 WASHINGTON, LLC, 21 LINCOLN BLVD.,LLC 25 PENINSULA, LLC, BELMONT, LLC, 260 BELMONT, LLC, 271 WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC, 35 NORTH, LLC, 360 WASHINGTON, LLC, 40 GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC, 55 NASSAU PLACE, LLC, 56 BROADWAY, LLC, 56 NORTH LONG BEACH, LLC, 62 TULIP, LLC, 655 NASSAU, LLC, 66-70 TULIP, LLC, 700 MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC, 85 VAN COTT, LLC, 95 JERUSALEM, LLC, and GLEN ARMS GROUP, LLC,

Defendants.

## OPPOSITION TO REPORT AND RECOMMENDATIONS

THE LAW OFFICE OF
BARBARA LEE FORD

*Attorney for* **DEFENDANTS**

206 JERICHO TURNPIKE
SECOND FLOOR
FLORAL PARK, NEW YORK 11001
516-502-4080
FACSIMILE 516-502-4082
WWW.BARBPROP@AOL.COM

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* 10/16/16 Signature [signature]

Print Signer's Name **Barbara Lee Ford, Esq.**

*Service of a copy of the within* *is hereby admitted.*

*Dated:*

*Attorney(s) for*

*PLEASE TAKE NOTICE*

Check Applicable Box

☐ NOTICE OF ENTRY — *that the within is a (certified) true copy of a entered in the office of the clerk of the within-named Court on* *20*

☐ NOTICE OF SETTLEMENT — *that an Order of which the within is a true copy will be presented for settlement to the Hon.* *, one of the judges of the within-named Court, at* *on* *20* *, at* *M.*

*Dated:*

THE LAW OFFICE OF
BARBARA LEE FORD

**DEFENDANTS** *Attorney for*

206 JERICHO TURNPIKE
SECOND FLOOR
FLORAL PARK, NEW YORK 11001

*To:*

*Attorney(s) for*