## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between ANA MOLINA a/k/a Patricia Molina and JORGE AYALA (collectively "Plaintiffs") and ARTHUR T. MOTT REAL ESTATE, LLC, ATM ONE, LLC, ATM TWO, LLC, ATM THREE, LLC, ATM FOUR, LLC, 1100 WARD, LLC, 155 PINE, LLC, 193 WASHINGTON, LLC, 21 LINCOLN BLVD, LLC, 25 PENINSULA, LLC, 260 BELMONT, LLC, 271 WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC, 35 NORTH LLC, 360 WASHINGTON, LLC, 40 GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC, 55 NASSAU PLACE, LLC, 56 BROADWAY, LLC, 56 NORTH LONG BEACH, LLC, 62 TULIP, LLC, 655 NASSAU, LLC, 66-70 TULIP, LLC, 700 MERRICK, LLC, 76 SOUTH, LLC, 77 TERRACE, LLC, 85 VAN COTT, LLC, 95 JERUSALEM, LLC, and GLEN ARMS GROUP, LLC (collectively "Defendants").

## RECITALS

WHEREAS, on or about July 7, 2015, Plaintiffs filed a complaint against Defendants asserting claims, *inter alia*, arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") captioned *Ortiz, et al. v. Arthur T. Mott Real Estate, LLC, et al.*, No. 15 CV 03940 in the U.S. District Court for the Eastern District of New York (hereinafter the "Litigation");

WHEREAS, Defendants deny Plaintiffs' allegations and claims; and

WHEREAS, the Parties participated in a settlement conference before Magistrate Judge Anne Y. Shields on March 15, 2017 at which time the parties settled all claims asserted in the litigation on the record;

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

### 1. SETTLEMENT AMOUNT

#### 1.1. Amount.

Defendants agree to pay the following sums within 30 days of the Court's Approval of this settlement agreement:

    a.    A check payable to Ana Molina in the Amount of $17,500.00.
    b.    A check payable to Jorge Ayala in the Amount of $3,500.00.
    c.    A check payable to the Moser Employment Law Firm in the Sum of $50,000.00 representing the Plaintiffs' attorneys' fees and costs of the action. The amount of the attorneys fees are justified by the complexities of the litigation, the unique issues presented, and the extent of the motion practice involved. The case involved highly complex and unique issues of law,

1

including the meaning and interpretation of the Minimum Wage Order For The Building Service Industry, 12 N.Y.C.R.R. § 141, *et seq.*, and the interplay between those provisions and the FLSA. There was extensive motion practice, including Defendant's Motion to Dismiss (ECF No. 52) and Defendant's Objection to the Report and Recommendation of Magistrate Judge Shields (ECF NO. 77).

    **1.2.** **Taxes.** The settlement amount for each Plaintiff shall be made without withholding and shall be reported to the IRS and the payees, to the extent required by law, under the payees' name and social security numbers or individual taxpayer identification numbers on IRS Form 1099. Plaintiffs acknowledge and agree that they will be solely responsible for all taxes, interest and penalties due with respect to any payments treated as liquidated damages and interest (and reported on IRS Form 1099) made pursuant to this Agreement. Plaintiffs further agree that they will be individually responsible for federal, state and local tax consequences (including tax payments, contributions, interest, penalties and all other monies due) associated with receipt of the payment(s) called for by this Agreement (with the exception of employer's share of payroll taxes). Plaintiffs acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

    **1.3.** **Paid in full.** Plaintiffs understand and agree that the payment of the Settlement Amount is in full satisfaction of and exceeds any and all obligations Defendants may have with respect to Plaintiffs' claims for, *inter alia*, alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Agreement.

    Plaintiffs affirm that they have reported all hours they worked while employed by Defendants and that they have been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which they may have been entitled as a result of their employment with Defendants.

## 2. RELEASE

    **2.1.** **Claims Released by Plaintiffs.** In exchange for payment of the Settlement Amount, Plaintiffs for themselves, and their spouses and families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly and voluntarily and fully and forever release, acquit, waive, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns (collectively, the "Releasees") from any and all claims for unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws up to and including the date Plaintiffs sign this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them.

**2.2.** **Enforceability.** This release does not release the Plaintiffs or the Defendants from obligations under this Agreement. Either Party may bring a claim for breach of this Agreement. If either Party brings any claim or action for breach of this Agreement or to enforce their respective rights under this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs that they incur in connection therewith.

**2.3.** **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

Plaintiffs hereby agree and acknowledge that this Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein (or in the attachments hereto) shall constitute or be treated as an admission of any liability or wrongdoing by Defendants. Plaintiffs further understand and agree that they would not be entitled to receive the Settlement Payment, except for, *inter alia*, their execution of this Agreement.

**2.4.** **Complete Relief.** The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but no Plaintiff may seek any monetary damages, relief or recovery in such a proceeding.

## 3. FUTURE EMPLOYMENT

**Plaintiffs expressly waive and release any and all rights or claims to re-employment or reinstatement with Defendants, their successors and assigns.** Plaintiffs agree that they will not knowingly apply for employment with Defendants, their successors and assigns. Plaintiffs acknowledge that any application for employment they make to these entities may be rejected without cause and without any liability whatsoever.

## 4. DISMISSAL OF THE LITIGATION AND REPRESENTATIONS

### 4.1. Discontinuance of Plaintiffs' present action(s)

Plaintiffs shall withdraw and/or discontinue, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or legal proceedings they have instituted against Defendants and any Releasee(s), including but not limited to Plaintiffs' claims in the instant Litigation. Plaintiffs authorize and instruct Plaintiffs' Counsel to take any and all steps to effectuate the dismissal of this litigation with prejudice, including the execution of a stipulation of Dismissal with Prejudice.

Upon Plaintiffs' Counsel's receipt of the instant fully executed Agreement, Plaintiffs' Counsel shall file the Agreement with the Court along with a motion seeking approval thereof.

3

The Defendants' obligation to make the Settlement Payment above shall only vest if the Court approves the instant Agreement and the case is dismissed with prejudice.

### 4.2. Representation(s) regarding cooperation

Plaintiffs shall not, in any way, assist any individual in commencing or prosecuting any action or proceeding against Defendants or any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or in any way participate or cooperate in any such action or proceeding, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-litigation fact gathering, and bars Plaintiffs from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against Defendants or any Releasee, except in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the New York State Department of Labor, or any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise required by law.

### 4.3. Non Disparagement.

The Parties shall refrain from all conduct, verbal or otherwise, which would damage or has a reasonable likelihood of damaging the reputation, good will, or standing in the community of the Plaintiffs or Defendants. Nothing herein shall be construed to prohibit a party from making truthful statements.

## 5. MISCELLANEOUS

**5.1. Entire Agreement.** This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties concerning the issues covered herein shall be deemed merged into and superseded by this Agreement. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Agreement.

**5.2. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties.

**5.3. Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.4. Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.5. Construction.** The terms and conditions of this Agreement (including the exhibits hereto) have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party.

**5.6. Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the above Recitals, which have been incorporated fully).

**5.7. Amendment.** This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**5.8. Fair and Reasonable Settlement.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**5.9. Severability.** In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

**5.10. Continued Jurisdiction.** All parties consent to the jurisdiction of the Magistrate in this matter and the Court retains jurisdiction of the Litigation as necessary to enforce the terms of this Agreement.

**5.11. Plaintiffs' Adequate Time for Review and Advice.** Plaintiffs hereby confirm that they have been afforded adequate time to consider this Agreement and that they have consulted with counsel of their choosing regarding this Agreement. Having elected to execute this Agreement, to fulfill the promises set forth herein that pertain to them, and to receive thereby the Settlement Payment, Plaintiffs freely and knowingly, and after due consideration and consultation with counsel, voluntarily enter into this Agreement.

**5.12. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date(s) set forth below:

**PLAINTIFFS**

_____   Date: 5-10-2017
Jorge Ayala

_____   Date: 5/11/2017
Ana Molina

**DEFENDANTS**

ARTHUR T. MOTT REAL ESTATE, LLC   Date: 5/16/2017
By: _____, Member

ATM ONE, LLC   Date: 5/16/2017
By: _____, Member

ATM TWO, LLC   Date: 5/16/2017
By: _____, Member

ATM THREE, LLC   Date: 5/16/2017
By: _____, Member

ATM FOUR, LLC   Date: 5/16/2017
By: _____, Member

100 WARD, LLC   Date: 5/16/2017
By: _____, Member

6

155 PINE, LLC

By: _____, Member

Date: 5/16/2017

193 WASHINGTON, LLC

By: _____, Member

Date: 5/16/2017

21 LINCOLN BLVD, LLC

By: _____, Member

Date: 5/16/2017

25 PENINSULA, LLC

By: _____, Member

Date: 5/16/2017

260 BELMONT, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

271 WASHINGTON, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

30 NORTH LONG BEACH, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

35 NORTH LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

360 WASHINGTON, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

40 GRAFFING, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

43 BURR, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

45 BROADWAY FREEPORT, LLC      Date: 5/16/2017

By: _[signature] James T. Mott_, Member

48 SOUTH, LLC      Date: 5/16/2017

By: _[signature] James T. Motts_, Member

8

**555 FRONT, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**55 NASSAU PLACE, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**56 BROADWAY, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**56 NORTH LONG BEACH, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**62 TULIP, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**655 NASSAU, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**66-70 TULIP, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**700 MERRICK, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

**76 SOUTH, LLC**  Date: 5/16/2017

By: _[signature] ___T. Mall_____, Member

77 TERRACE, LLC

By: _____, Member

Date: 5-16-2017

85 VAN COTT, LLC

By: _____, Member

Date: 5/16/2017

95 JERUSALEM, LLC

By: _____, Member

Date: 5/16/2017

GLEN ARMS GROUP, LLC

By: _____, Member

Date: 5/16/2017

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JORGE AYALA and ANA MOLINA a/k/a PATRICIA
MOLINA, individually and on behalf of all others similarly
situated,

                                        Plaintiffs,

- against -

ARTHUR T. MOTT REAL ESTATE, LLC, ATM ONE,
LLC, ATM TWO, LLC, ATM THREE, LLC, ATM FOUR,
LLC, 1100 WARD, LLC, 155 PINE, LLC, 193
WASHINGTON, LLC, 21 LINCOLN BLVD, LLC, 25
PENINSULA, LLC, 260 BELMONT, LLC, 271
WASHINGTON, LLC, 30 NORTH LONG BEACH, LLC,
35 NORTH LLC, 360 WASHINGTON, LLC, 40
GRAFFING, LLC, 43 BURR, LLC, 45 BROADWAY
FREEPORT, LLC, 48 SOUTH, LLC, 555 FRONT, LLC, 55
NASSAU PLACE, LLC, 56 BROADWAY, LLC, 56
NORTH LONG BEACH, LLC, 62 TULIP, LLC, 655
NASSAU, LLC, 66-70 TULIP, LLC, 700 MERRICK, LLC,
76 SOUTH, LLC, 77 TERRACE, LLC, 85 VAN COTT,
LLC, 95 JERUSALEM, LLC, and GLEN ARMS GROUP,
LLC,

                                        Defendants.
----------------------------------------------------------------X

Case No.:
15 Civ. 03940 (SJF)(AYS)

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

      IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through their undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees (other than those costs and attorneys' fees specified in the subject Agreement), with each party to bear its own fees and costs.

11

<table>
<tr><td>

BARBARA LEE FORD, ESQ.<br>
*Attorneys for Defendants*

By: _____<br>
Barbara Lee Ford

Date: 5/19/17

</td><td>

MOSER EMPLOYMENT LAW FIRM, PC<br>
*Attorneys for Plaintiffs*

By: _____<br>
Steven John Moser

Date: 5/22/2017

</td></tr>
</table>

SO ORDERED on this ____ day of _____, 2016

_____<br>
ANNE Y. SHIELDS<br>
United States Magistrate Judge

12

**EXHIBIT B**

[insert distribution schedule]